WYATT STANLEY

V.

JEREMIAH MOYNIHAN.

*Trover—Action by Constable—Title under Execution—Levy—Return.*

1. Upon the case presented, this court holds that the indorsement of a levy under an execution, which was made upon a separate piece of paper and pasted upon the execution, was sufficient.

2. A levy of an execution upon a crib of corn, which is made in the presence of witnesses, by the posting of a notice upon the crib, and by securely nailing up the same, is sufficient.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Henderson County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. GRIER & STEWART and C. A. McLAUGHLIN, for appellant.

Messrs. KIRKPATRICK & ALEXANDER, for appellee.

MR. JUSTICE CARTWRIGHT. Appellee is a constable, and brought this suit in trover against appellant to recover damages for the conversion by appellant of certain cattle and a crib of corn, claimed to have been levied on by appellee, as such constable, by virtue of an execution in favor of I. F. Harter against S. B. Stanley. On a trial by the court without a jury, there was a finding for appellee as to the corn, and against him as to the cattle; his damages were assessed at $116, being the value of his special interest in the corn, as found by the court, and there was judgment accordingly and for costs. The only question involved in this appeal is as to the sufficiency of appellee's title to sustain the action. Appellee could only recover on the strength of his own title by showing a levy of the execution, valid and sufficient to invest him with a special property in the corn and a right to its possession. It is contended, on the part of appellant, that there was a failure to prove a valid levy, because such levy, and an inventory of the property levied on, was not properly indorsed on the execution, and that appellee did not take such possession of the corn as would constitute a valid levy as against third persons.

The following facts are established by the evidence: On November 17, 1890, I. F. Harter obtained judgment before a justice of the peace against S. B. Stanley. Execution was issued the same day and delivered to appellee, who indorsed the date of its receipt, and at once made personal service of the writ upon S. B. Stanley. On December 16th, appellee went to the farm where S. B. Stanley lived, and where the crib of corn was situated; and at the crib, in the presence of S. B. Stanley and another person, claimed to levy on the corn by virtue of the execution, and posted a notice of such levy on the crib. There was other property also levied upon, and on December 27th, appellant, for the purpose of a trial of the

right of property, gave appellee notice pursuant to the·
statute, that he claimed property in the corn and cattle so
levied upon.   There were two trials of the right of property
on January 2d and 12th, respectively, and an appeal was
taken to the Circuit Court, where that proceeding was dis-
posed of by agreement, and this suit was afterward begun.
In the mean time, appellant had taken the corn and con-
verted it to his own use.   At the time of the trial of this
cause there was a paper pasted to the execution as an in-
dorsement, reciting as follows :   "I have levied on the fol-
lowing property, to wit :   About 1,000 bushels of corn in
crib, three cows, three calves and one yearling heifer, two
sows, twenty-three shotes, twelve pigs, one self-binder and
about fifty bushels of oats in bin.   Dated this 16th day of
December, 1890.   Jeremiah Moynihan, Constable."   There
is some uncertainty as to when this paper was pasted to the
execution, but the evidence justifies the belief that it was
made out soon after the levy, and at the time of the trials
of right of property was either folded with the execution as
belonging to it, or was pinned to it.   There were already
two indorsements on the execution showing the receipt of
it and the personal service, and the recitals of this paper
could be apparently more conveniently made on the separate
paper, than upon the narrow remaining space on the execution.
It would frequently be impossible to make the indorsement
literally on the execution itself on account of lack of space,
and the law does not exact a compliance so narrowly technical
with its terms.   But it is said that the return is too indefinite
in failing to state that appellee levied on the corn by virtue
of the writ and in failing to describe the corn more
particularly.   The recital may be referred to the execution to
which the paper was annexed.   The seizure of the corn by
appellee under the execution for its satisfaction constituted
the levy, and the indorsement is for the purpose of furnishing
evidence of it and of the date, and of the property taken, and
for the prevention of fraud.   Appellant was not in any way
misled, but had actual notice of the levy on this corn under the
writ as shown by his notice of claim of property, wherein he

recited that it was so levied upon by appellee by virtue of the writ. We think that appellee sufficiently and substantially complied with the statute. The remaining contention of appellant is that appellee did not take possession sufficient to enable him to assert a claim against a third person. It is not contended that an officer must take and retain actual manual possession of such property as a crib of corn, but it is claimed that something more should have been done than was done in this case. The levy was made, the notice was posted on the crib, and the crib was tightly nailed up. Shortly after the levy, appellant gave notice for a trial of the right of property, and successive trials were had.

Appellee was not called upon to do anything further with the corn until the right to it was settled in that proceeding. Before that was done appellant took the corn and made use of it, knowing that it had been levied on as stated in his notice. We do not discover any reason for a reversal of the judgment and it will be affirmed.

*Judgment affirmed.*